Elizabeth R. Kennar
Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
(206) 676-7000

Daniel B. Abrahams
Howard A. Wolf-Rodda
(admitted pro hac vice)
Abrahams Wolf-Rodda, LLC
10000 Falls Road, Suite 201
Potomac, MD 20854
(301) 637-7800

The Honorable Edward F. Shea

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

KEVIN CUNNINGHAM, et al.,

          Plaintiffs,

v.

MISSION SUPPORT ALLIANCE, LLC,

          Defendant.

CASE NO. 4:18-CV-05060-EFS

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Mission Support Alliance, LLC (MSA or defendant), answers plaintiffs' complaint as follows:

## Preliminary Statement

1. Answering the allegations in paragraph 1 of plaintiffs' complaint, MSA admits that the plaintiffs are or have been employed by the

DEFENDANT'S ANSWER TO COMPLAINT - 1
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

company; however, defendant denies all other allegations of this paragraph including any liability for any of the causes of action alleged in the complaint.

## Jurisdiction and Venue

2. Answering the allegations in paragraph 2 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, without admitting liability or that the plaintiffs are proper plaintiffs for any or all of the causes of action, defendant does not contest this Court's jurisdiction over the action.

3. Answering the allegations in paragraph 3 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, without admitting liability or that the plaintiffs are proper plaintiffs for any or all of the causes of action, defendant does not contest that this Court is a proper venue for the action.

## Parties

4. Answering the allegations in paragraph 4 of plaintiffs' complaint, defendant admits that the presently named individual plaintiffs were

DEFENDANT'S ANSWER TO COMPLAINT - 2
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

employed by defendant and that the company's principal place of business is in the Eastern District of Washington.

5. Answering the allegations in paragraph 5 of plaintiffs' complaint, defendant admits that the documents attached to the complaint as Exhibit A bear the individual, presently named, plaintiffs' names and that they also appear to be signed; however, defendant denies all other allegations of this paragraph.

6. Answering the allegations in paragraph 6 of plaintiffs' complaint, defendant admits the allegations of this paragraph.

7. Answering the allegations in paragraph 7 of plaintiffs' complaint, defendant admits that the plaintiffs are or have been employed by MSA. MSA further admits that it is a limited liability company that and avers that it was created to fulfill infrastructure and site support services for the management and operation of the Hanford site infrastructure and pursuant to its Mission Support Contract.

## Facts

8. Answering the allegations in paragraph 8 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of the first sentence of this paragraph insofar as they state legal conclusions.

DEFENDANT'S ANSWER TO COMPLAINT - 3
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

        Defendant admits the allegations of the second sentence of this paragraph with respect to the plaintiffs.

9. Answering the allegations in paragraph 9 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant admits that the plaintiffs are employees as that term is defined by the FLSA, but avers that the plaintiffs are exempt from the coverage of the FLSA's minimum wage and overtime requirements.

10. Answering the allegations in paragraph 10 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of the first sentence in this paragraph insofar as they state legal conclusions. However, defendant does not contest that it may be an employer covered by the FLSA with respect to employees who are covered by the FLSA. The plaintiffs, however, are exempt from the FLSA's coverage. Defendant admits that it is aware of the FLSA; however, in so admitting, defendant avers that the FLSA's many provisions and regulations thereunder are complicated and subject to interpretation as documented in legions of cases on all aspects of its requirements.

11. Answering the allegations in paragraph 11 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of the first

DEFENDANT'S ANSWER TO COMPLAINT - 4
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

sentence in this paragraph insofar as they state legal conclusions. However, defendant admits it is a covered enterprise under the FLSA.

12. Answering the allegations in paragraph 12 of plaintiffs' complaint, defendant admits that the plaintiffs were, from time-to-time, assigned to work 24-hour shifts associated with one of the platoons.

13. Answering the allegations in paragraph 13 of plaintiffs' complaint, defendant admits that the plaintiffs were, from time-to-time, assigned to work 24-hour shifts and that one or more of the plaintiffs may have worked more than 40 hours in a given work week from time-to-time. Defendant denies all other allegations of this paragraph.

14. Answering the allegations in paragraph 14 of plaintiffs' complaint, defendant admits that the plaintiffs were, from time-to-time, assigned to work 24-hour shifts and that one or more of the plaintiffs may have worked more than 40 hours in a given work week from time-to-time. Defendant denies all other allegations of this paragraph.

15. Answering the allegations in paragraph 15 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph that state legal conclusions. However, defendant denies all allegations of this paragraph and avers that the plaintiffs are exempt under the FLSA and, further, that it paid plaintiffs in accordance with

DEFENDANT'S ANSWER TO COMPLAINT - 5
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 the terms of a collective bargaining agreement negotiated by a union on their behalf and, therefore, complied with the FLSA's overtime requirements whether the plaintiffs are exempt or not.

16. Answering the allegations in paragraph 16 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph that state legal conclusions. However, defendant denies all allegations of this paragraph and avers that the plaintiffs are exempt under the FLSA and, further, that it paid plaintiffs in accordance with the terms of a collective bargaining agreement negotiated by a union on their behalf and, therefore, complied with the FLSA's overtime requirements whether the plaintiffs are exempt or not.

17. Answering the allegations in paragraph 17 of plaintiffs' complaint, defendant states that the allegations of this paragraph are redundant given the allegations of paragraphs 13 and 14. However, defendant admits that the plaintiffs were, from time-to-time, assigned to work 24-hour shifts and that one or more of the plaintiffs may have worked more than 40 hours in a given work week from time-to-time. Defendant denies all other allegations of this paragraph.

18. Answering the allegations in paragraph 18 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this

DEFENDANT'S ANSWER TO COMPLAINT - 6
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph.

**Failure to Pay Overtime for All Hours Plaintiffs Work ABOVE 40 Hours in a Workweek in Violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)**

19. Answering the allegations in paragraph 19 of plaintiffs' complaint, defendant incorporates its responses to paragraphs one through 18 in their entirety by reference. Defendant notes that the plaintiffs appear to have referred to "one (1) through twenty (20)" in error. Defendant's responses to paragraph 19 and 20 are stated herein and below.

20. Answering the allegations in paragraph 20 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies that the FLSA requires employers to pay overtime compensation at the rate of one and one-half times their regular rate of pay in all instances including the instances alleged in this action.

21. Answering the allegations in paragraph 21 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph and avers that, although the FLSA requires employers to pay overtime compensation at the rate of

DEFENDANT'S ANSWER TO COMPLAINT - 7
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

one and one-half times their regular rate of pay in a number of circumstances, such circumstances are not alleged in this action. Defendant further avers that it paid plaintiffs in accordance with the terms of a collective bargaining agreement negotiated by a union on their behalf.

22. Answering the allegations in paragraph 22 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph and avers that it paid plaintiffs in accordance with applicable law and further in accordance with the terms of a collective bargaining agreement negotiated by a union on their behalf.

23. Answering the allegations in paragraph 23 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph and avers that, although the FLSA requires employers to pay overtime compensation at the rate of one and one-half times their regular rate of pay in a number of circumstances, such circumstances are not alleged in this action. Defendant further avers that it paid plaintiffs in accordance with the

DEFENDANT'S ANSWER TO COMPLAINT - 8
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

terms of a collective bargaining agreement negotiated by a union on their behalf.

24. Answering the allegations in paragraph 24 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph. Defendant denies it willfully violated the FLSA. Defendant denies that it owes any compensation paid to the plaintiffs in excess of the amounts provided for in the collective bargaining agreement negotiated by a union on their behalf. Defendant further denies that it owes liquidated damages, interest, attorney's fees or the costs of this action.

25. Answering the allegations in paragraph 25 of plaintiffs' complaint, defendant owes no obligation to respond to the allegations of this paragraph insofar as they state legal conclusions. However, defendant denies all allegations of this paragraph that it owes any compensation to the plaintiffs in excess of the amounts provided for in the collective bargaining agreement negotiated by a union on their behalf. Defendant avers that it maintains all records in accordance with applicable legal requirements.

DEFENDANT'S ANSWER TO COMPLAINT - 9
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

## Prayer for Relief

Defendant denies that the plaintiffs are entitled to any of the items of relief prayed for by them in paragraphs A through E therein.

## Affirmative Defenses

1. The plaintiffs fail to state a cause of action on which relief may be granted.

2. The plaintiffs' claims are barred because they have been fully paid for all overtime, if any, that was due.

3. The Complaint is barred in whole or part because plaintiffs' salary, duties and responsibilities meet all requirements of exempt status pursuant to 29 USC § 213 (a)(i) and 29 C.F.R. Part 541, as bona fide executive or administrative or combination exempt workers.

4. Some or all of plaintiffs' claims may be subject to the *de minimis* rule, 29 C.F.R. § 785.47 because they involve insignificant amounts of overtime.

5. The plaintiffs have been paid all compensation to which they are entitled pursuant to the terms of a collective bargaining agreement negotiated by a union on their behalf. Such compensation further includes monies paid for hours not worked, which operate as a credit toward any additional overtime compensation allegedly due.

DEFENDANT'S ANSWER TO COMPLAINT - 10
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

6. All or part of the plaintiffs' claims may be barred by the two-year statute of limitations under the FLSA or such other provisions of the FLSA that limit the time period for which damages may be recovered.

7. The Complaint is barred in whole or part because the plaintiffs have failed to allege facts demonstrating that defendant's alleged conduct was willful and merits application of a three-year statute of limitation under the FLSA.

8. The Complaint is barred in whole or part because plaintiffs have not alleged facts demonstrating that they are entitled to recover liquidated damages and defendant has at all times classified workers in good faith and with a reasonable ground for believing it was in compliance with the FLSA pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260.

9. To the extent that the plaintiffs might be entitled to overtime compensation, the monies already paid to plaintiffs in accordance with the collective bargaining agreement fully compensate them under one or more methods (including traditional half-time fluctuating work week and modified half-time methodologies) of determining the amount of overtime compensation to be paid under the FLSA. The plaintiffs have already received premium overtime pay in excess of

DEFENDANT'S ANSWER TO COMPLAINT - 11
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

that required by law even if they were deemed to be nonexempt; therefore, no additional overtime compensation is due.

10. The plaintiffs cannot bring this action in a representative capacity because they are not similarly situated to other workers, or to the class of persons performing the job of "Captains" whom they purport to represent in this action. Plaintiffs have pleaded insufficient facts to support a collective action.

11. Defendant has acted in good faith conformity with and in reliance on written administrative regulations, order, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

12. All actions taken and compensation paid to the plaintiffs were done in good faith in accordance with and reliance upon provisions of the Collective Bargaining Agreement applicable to them that state the plaintiffs are exempt from the coverage of the FLSA.

13. Plaintiffs voluntarily entered into a collective bargaining agreement stating that they are "exempt" employees. Thus, plaintiffs have admitted, or made a declaration against interest, in the collective

DEFENDANT'S ANSWER TO COMPLAINT - 12
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

bargaining agreement that they are exempt, and are otherwise "estopped" from denying their exempt status to the extent such issues were decided in prior proceedings.

14. All actions taken and compensation paid to the plaintiffs were done in good faith in accordance with and reliance upon a ruling by the National Labor Relations Board that employees similarly situated to the plaintiffs are exempt. Plaintiffs union has previously litigated and lost essentially the same or similar issue of exemption at the NLRB.

15. All actions taken and compensation paid to the plaintiffs was done in good faith in accordance with and in reliance upon the written advice of counsel that employees similarly situated to the plaintiffs perform exempt duties and are eligible for exempt status under the FLSA.

16. Defendant is performing a contract as a government management contractor and stands in the shoes of the federal government. As such defendant is entitled to the benefit of all exemptions, special work schedules (including section 7(k) of the FLSA), and other defenses and provisions arising under the FLSA and related regulations.

17. Defendants as agents of the federal government have all such governmental immunities and privileges that can be asserted by the federal government.

DEFENDANT'S ANSWER TO COMPLAINT - 13
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

18.  To the extent that individual plaintiffs were compensated annually in excess of $100,000, those plaintiffs are exempt from the FLSA minimum wage and overtime requirements under the highly compensated employee "short-cut test" provisions of 29 C.F.R. 541.601, since they perform "any one or more of the exempt duties or responsibilities" of the executive and/or administrative exemption.

### Defendant's Prayer for Relief

WHEREFORE, having fully answered the allegations contained in plaintiffs' complaint, defendant prays as follows:

1. That plaintiffs' complaint be dismissed with prejudice and without costs;
2. That defendant be awarded its costs and attorneys' fees incurred herein; and
3. That defendant be afforded such further and other relief as the Court may deem just and proper in the circumstances.

DATED this 29th day of May, 2018

Respectfully submitted,

SUMMIT LAW GROUP PLLC
Attorneys for Mission Support Alliance, LLC

By *s/ Elizabeth R. Kennar*
Elizabeth R. Kennar, WSBA #25432
*bethk@summitlaw.com*

DEFENDANT'S ANSWER TO COMPLAINT - 14
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

ABRAHAMS WOLF-RODDA, LLC
(admitted pro hac vice)
Attorneys for Mission Support
Alliance, LLC


By *s/ Daniel B. Abrahams*
Daniel B. Abrahams
*dabrahams@awrcounsel.com*

DEFENDANT'S ANSWER TO COMPLAINT - 15
CASE NO. 4:18-CV-05060-EFS

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Alex Skalbania
> EMMAL, SKALBANIA & VINNEDGE
> 3600 15th Avenue W, Suite 201
> Seattle, WA 98119
> askalbania@aol.com
>
> Diana J. Nobile
> Matthew D. Purushotham
> WOODLEY & MCGILLIVARY, LLP
> 1101 Vermont Avenue NW, Suite 1000
> Washington, D.C. 20005
> djn@wmlaborlaw.com
> mdp@wmlaborlaw.com

DATED this 29th day of May, 2018.

*Karla Struck*

Karla L. Struck, Legal Assistant

DEFENDANT'S ANSWER TO COMPLAINT - 16
CASE NO. 4:18-CV-05060-EFS

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001